UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-95 CAS (OPx) | Date | February 19, 2010 |
|---|---|---|---|
| Title | ROBIN INVESTMENT, INC. v. VERNE L. SMITH, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| PAUL PIERSON | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Robin Investment Inc. filed the instant action against defendants, Verne L. Smith and Carol E. Smith, in Riverside County Superior Court alleging a dispute of less than $10,000 to recover unpaid rent money in an unlawful detainer action pursuant to Cal. Civil Code § 1940 et seq.[1] On January 20, 2010, defendants removed the instant action to this Court on the basis of diversity jurisdiction.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

---

[1] Based on the record, it is unclear when the action was filed or when defendants were served with summons of the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-95 CAS (OPx) | Date | February 19, 2010 |
|---|---|---|---|
| Title | ROBIN INVESTMENT, INC. v. VERNE L. SMITH, ET AL. | | |

  Jurisdiction founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000.  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("the district courts shall have original jurisdiction of all civil actions where the matter of controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . .").  Federal courts have jurisdiction only where there is complete diversity: the plaintiff's citizenship must be diverse from that of each named defendant. 28 U.S.C. §§ 1332(a), 1332(c)(1).  In a removal action based upon diversity where the complaint specifically alleges less than $75,000, "defendant must prove to a legal certainty that plaintiff's claim . . . exceeds [$75,000]."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  To show to a legal certainty that the plaintiff's complaint meets the jurisdictional requirement, defendants must show either that "opposing counsel is falsely assessing the case or is incompetently doing so."  Id. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).

  In the instant case, plaintiff brought an unlawful detainer action pursuant to Cal. Civil Code § 1940 et seq. and defendants do not make any claims that there exists a federal question pursuant to 28 U.S.C. § 1331 that would justify removal.  Furthermore, defendants fail to justify removal based on diversity jurisdiction because plaintiff expressly alleges an amount in controversy of less than $10,000, and defendants do not demonstrate that plaintiff's claim in fact exceeds $75,000.[2]  See Burns, 31 F.3d at 1095.

---

  [2] The defendants in their removal papers appear to allege counterclaims in the amount of $4,593,750,000.00.  Though the defendants do not expressly contend that such claims may be aggregated to meet the jurisdictional requirement, the Court notes that the majority view disfavors allowing defendants' counterclaims to support diversity jurisdiction where the plaintiff has alleged an amount that is less than the jurisdictional requirement.  See, e. g., Spectacor Mgmt. Group v. Brown, 131 F.3d 120, 125 (3d Cir. 1997) (noting that the majority view appears to be "that inclusion of counterclaims should not be permitted in the removal context" when calculating the amount in controversy); Rla v. Cape Cod Biolab Corp., No. C-01-3675 PJH, 2001 WL 1563710, at *3 (N.D. Cal. Nov. 30, 2001) (citing cases and concluding that the "majority of courts faced with this issue in removed cases have held that the amount in controversy is to be determined solely by reference to plaintiff's complaint"); see also Charles Alan Wright et

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-95 CAS (OPx) | Date | February 19, 2010 |
|---|---|---|---|
| Title | ROBIN INVESTMENT, INC. v. VERNE L. SMITH, ET AL. | | |

Accordingly, defendants are hereby ORDERED to SHOW CAUSE on or before March 5, 2010, why the instant action should not be remanded for lack of subject matter jurisdiction. Additionally, defendants are hereby ordered to show compliance with the timeliness requirement of the removal statute by showing that they removed within 30 days of receiving notice of the instant action pursuant to 28 U.S.C. § 1446(b).

IT IS SO ORDERED.

|   | : | n/a |
|---|---|---|
| Initials of Preparer | | PDP |

---

al., Federal Practice and Procedure § 3706, at 226-29 (3d ed. 2009) (noting that there is a split in authority as to whether a compulsory counterclaim may be aggregated to meet the jurisdictional amount in controversy but that "the majority of cases appears to deny removal").